gestion that the risk, which was the occasion of the high wages being removed, the libellant ought to have only customary peace wages from Bourdeaux to Philadelphia.

Judgment in favour of the libellant for wages agreeable to contract.

---

## Case No. 8,739.

### McCULLOCH v. McLAIN.

[1 Cranch, C. C. 304.] [1]

Circuit Court, District of Columbia. March Term, 1806.

WILLS—REAL PROPERTY—CHARGE ON TO PAY DEBTS.

The words, "I will, in the first place, that my just debts be paid," charge the real estate with the payment of the debts.

Bill in equity [by McCulloch against McLain's executors] to charge real estate with the payment of debts. The words of the will were, "I will, in the first place, that my just debts be paid by my executors." The testator then devises all his estate, real and personal, to trustees. and makes them executors. The authorities cited for the complainant were: 1 Eq. Cas. Abr. 198; 2 Eq. Cas. Abr. 371, 372; and Trott v. Vernon, 2 Vern. 708.

THE COURT decreed a sale of the real estate.

---

## Case No. 8,740.

### McCULLOCH et al. v. TAYLOR et al.

[1 Wkly. Notes Cas. 391.]

Circuit Court, E. D. Pennsylvania. April 22, 1875.

BILLS—ACCEPTOR — LETTER OF CREDIT—ISSUER—OFFSET.

The acceptor of bills drawn under the usual forms of commercial letters of credit can compel the holder of the letter to furnish funds to meet the acceptances; and a debt due by the issuer of the letter to the holder cannot be set off against this obligation.

In equity. This case was heard on bill, answer, and proofs. The bill averred the existence, prior to 18th September, 1873, of two firms, viz., Jay Cooke & Co., and Jay Cooke, McCulloch & Co., doing business as bankers in Philadelphia and London respectively. The firms were in no way connected, except that a number of persons (not including the plaintiffs) were members of both firms. The plaintiffs were the only members of the firm of Jay Cooke, McCulloch & Co. who were not also members of the other firm. During 1873 Jay Cooke & Co. issued to the defendants N. & G. Taylor Co. several commercial letters of credit for £10,000 each, drawn on Jay Cooke, McCulloch & Co. The letters of credit were in the following form: "No. ——. Philadel-

[1] [Reported by Hon. William Cranch, Chief Judge.]

phia, ——, 187—. Sir: We hereby authorize you or such parties as you may direct to value on Messrs. Jay Cooke, McCulloch & Co. of London, in drafts at four months to the extent of ten thousand pounds (£10,000) for account of N. & G. Taylor, drafts to be drawn in within six months from this date for the costs of tin plates to be exported to an Atlantic port in the United States, and advice thereof to be given to Messrs. Jay Cooke, McCulloch & Co., accompanied by certified invoices, consul's certificates, policies of insurance, and bills of lading to order of Jay Cooke & Co. We hereby agree with the drawers, endorsers and bona fide holders of bills drawn under and in compliance with the terms of this credit that the same shall be duly honored upon presentation at the counting house of Messrs. Jay Cooke, McCulloch & Co. in London. Very truly yours, ——————." Accompanying each of these documents was a receipt, in the following form: "New York, ——, 187—. Received from Messrs. Jay Cooke & Co. the letter of credit of which annexed is a copy, in consideration whereof we hereby agree to provide them with sufficient and satisfactory funds to meet the payment of all bills drawn under it twenty days before the maturity of the same in London, respectively, either in cash at their drawing rate, or in bankers' bills payable at not exceeding sixty days sight in London, endorsed by us and approved by them, it being understood that they may decline any bills, however good, at their discretion. We also agree to give security for the same at any time if required by the said Jay Cooke & Co.; and further, that all property purchased under the said credit, and the proceeds thereof, together with the policies of insurance thereon (which we agree to effect) and the bills of lading are hereby pledged and hypothecated to Jay Cooke & Co., and Jay Cooke, McCulloch & Co., as collateral security for the fulfilment of this contract, and are held subject to their order, with authority to take possession and dispose of the same at discretion for account of whom it may concern, charging all expenses, including commission for sale and guarantee, and applying the proceeds for their security or reimbursement. And we further pledge, as security for any other indebtedness of our firm to Jay Cooke & Co. or Jay Cooke, McCulloch & Co. any surplus that may remain either in the property or the proceeds thereof after providing for the acceptances under said credit. On all drafts drawn under said credit we agree to pay one per cent. commission, and interest at five per cent., or the Bank of England rate if higher. We further authorize you to cancel the said credit at any time to the extent it shall not have been acted upon when notice of revocation is received by the user. This obligation is to continue in force notwithstanding any changes in the individuals composing either of the firms par-